R. H. HARD AND WIFE *v.* THOS. L. ALEXANDER.

Innocent Purchaser for Value Without Notice — Prior Equitable Rights —
Purchase Money Paid or Owing After Notice of Equity Lien.

The rule is, that to be a purchaser for value without notice the party
must have both received the conveyance and paid the entire considera-
tion; and the rule does not extend further than to give the party ascer-
taining a prior equitable right the right to enforce his claim against a
purchaser to the extent of purchase money owing or paid after notice
of equity.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 24, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Whatever may be the effect of Crutcher's declaration at the
sale of the property by the marshal, with regard to the claim
of the appellants as against him, as to which it is not necessary
now to intimate an opinion, and however the title of the appellee
might have been thereby affected, if he had acquired it, with
notice thereof, to himself or agent, the evidence does not in our
opinion authorize the conclusion either that the purchase was
made, or the title accepted by the appellee, with such notice to him-
self or any agent or attorney through whose knowledge he was
liable to be affected with notice, actual or constructive.

Although it appears that Charles P. Rudd, who was an attor-
ney-at-law, made inquiry in relation to the title, and consulted the
late Chancellor Logan as to its validity, at the instance of R. H.
Rudd, who was the agent of Alexander in his absence, and the
evidence conduces to show that Charles P. Rudd upon his in-
stigation acquired and communicated to Logan such information
concerning the object and character of Crutcher's purchase as
would if communicated to Alexander, his agent, or authorized
attorney, have constituted notice of the facts, and affected his
title with such prior equitable rights as the appellants may have
had in the property while in the hands of Crutcher, it does not
appear that either Charles P. Rudd or Logan was the agent or
authorized attorney of Alexander, or that what they did at the
instance of R. H. Rudd, or as the friends of Alexander, placed

them or either of them in such fiducial relations with him, as that notice to them constituted constructive notice to him.

The evidence does not authorize the inference of actual notice of said facts to either Alexander or his agent till after the sale and conveyance from Crutcher and the payment of a considerable part of the purchase money.

As to the effect of notice acquired after the sale and conveyance but before the entire payment of the purchase money, we concur in the opinion expressed by the chancellor, that the rule that to be a purchaser without notice the party must have both received the conveyance and paid the entire consideration " is only or absolutely true as to the purchase money paid after notice, not as to what is paid before." In our opinion it does not extend further than to give the party asserting the prior equitable right the right to enforce his claim as against the purchaser to the extent of purchase money owing or paid after notice of the claimants' equity, with a lien on the property to secure its payment. But the relief sought by the appellants as against Alexander is not of this description, but it is to vacate the sale and conveyance from Crutcher to him and recover the property on restoring the purchase money, or such balance as might remain upon an equitable adjustment of interest, improvements, and rents.

Wherefore, concurring in the conclusion of the chancellor, as to so much of the judgment as is revisable on this appeal, the judgment dismissing the action as to Alexander is affirmed.